IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| AMARJIT KAUR, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160294N |
| | ) | |
| v. | ) | |
| | ) | |
| CLACKAMAS COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiff appealed the disqualification of property identified as Account 01684234 (subject property) from forestland special assessment for the 2016-17 tax year. A trial was held on April 17, 2017, in Salem, Oregon. Dale Hult (Hult) appeared on behalf of Plaintiff. Plaintiff, Kashmir Dhadwal (Dhadwal), and Hult testified on behalf of Plaintiff. Ravinder Waraich and Kalpna Bentler were Punjabi–English interpreters for Plaintiff and Dhadwal. Lynn Longfellow and Tony Hunter (Hunter) appeared on behalf of Defendant, and Hunter testified on behalf of Defendant. No exhibits were received from Plaintiff before trial; Plaintiff's Exhibits 5, 6, and 9 were received as rebuttal exhibits. Defendant's Exhibits A to H were received without objection.

## I. STATEMENT OF FACTS

The subject property is 9.08 acres of undeveloped land located along Highway 26 in Clackamas County. Prior to the 2016-17 tax year, the subject property was specially assessed as designated forestland. (*See* Def's Ex A at 1.) On June 28, 2016, Defendant sent a letter notifying Plaintiff that the subject property "has been removed from special assessment at the owner[']s request * * *." (*Id.*)

---

[1] This Final Decision incorporates without change the court's Decision, entered August 18, 2017. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

Plaintiff testified that she could not recall exactly when she purchased the subject property, but she believed it was sometime around the year 2000. The subject property was partially logged at that time. Plaintiff testified that sometime after she purchased the subject property, the previous owner logged the remaining timber and replanted trees. Plaintiff testified that she did not apply for forestland special assessment for the subject property, but she knew that the land had been subject to the special assessment since the time she purchased it.

Plaintiff testified that she applied for a change in land use with Clackamas County so that the land could be developed into an RV park. She testified that she had hired Hult to help her with that application. Plaintiff testified that she authorized the "scraping" of the subject property—or the removal of the trees or bushes—in 2015 or 2016, in preparation for using the land as an RV park. Plaintiff testified that she never requested that Defendant remove the land from forestland special assessment.

Dhadwal testified that he is Plaintiff's husband and that although he does not own the subject property, he was involved in the land use application and signed that application on behalf of Plaintiff. Dhadwal testified that he did not request that the subject property be removed from special assessment as part of the land use application, or otherwise.

Plaintiff and Dhadwal each testified that they, along with Hult, met with Hunter at his office to discuss the disqualification several weeks after they received the disqualification letter, but they were unable to reach a resolution at that time.

Hunter testified that he is a senior appraiser in Defendant's farm–forest section and has worked for Defendant for nearly 30 years. Hunter testified that he characterized the reason for disqualification as being "at the owner[']s request" because of Plaintiff's land use application; he opined that the June 28, 2016, disqualification notice met the statutory requirements for such

notices. Hunter testified that he learned of the land use application and removal of vegetation from the subject property via phone calls from neighbors, by driving past the subject property, and from newspaper articles. (*See* Def's Exs F, G.) He testified that he also contacted the Clackamas County Zoning and Planning Division to discuss Plaintiff's application.

Hunter testified that the statutes do not specify what form an owner's request for removal from special assessment must take. He testified that sometimes owners or title companies request an estimate of back taxes due if the property were to be removed from special assessment; if Defendant receives a check for the estimated amount, that check is considered to be a "request," and the property is removed from special assessment.

Hunter testified that he discussed the subject property with Mike Haasken (Haasken), a forester with the Oregon Department of Forestry. In emails to Hunter, Haasken expressed the opinion that the subject property no longer qualified for special assessment because it no longer met stocking requirements. (*See* Def's Exs C, D.) Haasken also wrote that because there had been no commercial timber harvest, the rules that allowed for reforestation did not apply. (Def's Ex D.) The emails from Haasken offered by Defendant were sent in October 2016 and March 2017, after Plaintiff had initiated this appeal; however, Hunter testified that he frequently spoke with Haasken by telephone. (*Id.*; Def's Ex C.) Hunter testified that the manner in which the land had been cleared (no commercial harvest) also indicated to him that Plaintiff was requesting that the subject property be removed from special assessment.

## II. ANALYSIS

The issue in this case is whether Defendant properly disqualified the subject property from forestland special assessment for the 2016-17 tax year.

/ / /

A.      *Forestland Special Assessment—Qualification and Disqualification*

In order to promote the ecological and economic benefits of forests and forestry, and to promote the fair taxation of forest resources, the Legislative Assembly has established a program of special assessment for land that qualifies as "forestland." *See generally* ORS 321.204; 321.262.[2] Forested land may qualify as forestland in one of two ways. First, it may be determined that the land's "highest and best use" is growing and harvesting a marketable species of trees. ORS 321.257(2).[3] Second, the assessor may designate the land as forestland if the property owner makes an application showing that the land is "being held or used for the predominant purpose of growing and harvesting trees of a marketable species * * *." *Id.*; *see also* ORS 321.358 (application for designation as forestland). To qualify as designated forestland, the land must meet a number of regulatory requirements, including stocking and acreage requirements. *See* OAR 150-321-0340.

Once land has been designated as forestland it remains as such until the assessor removes the designation. ORS 321.359. Under ORS 321.359, the assessor is required to remove the forestland designation if any of the following events occur:

"(A) Notification by the taxpayer to the assessor to remove the designation;
"(B) Sale or transfer to an ownership making it exempt from ad valorem property taxation;
"(C) Discovery by the assessor that the land is no longer forestland; or
 "(D) The act of recording a subdivision plat under ORS chapter 92."

Removal of the forestland designation results in disqualification of the land from special assessment. ORS 308A.700(1). Broadly speaking, the owner of designated forestland will pay annual property taxes at reduced rate. If the land is disqualified from special assessment,

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[3] Oregon law distinguishes between forestland in eastern and western Oregon. *See* ORS 321.257 to 321.390; 321.805 to 321.855. Because the subject property in this case is located in western Oregon, the court's discussion of forestland and accompanying citations focus on forestland in western Oregon.

however, additional taxes may be assessed based on the amount of tax savings for the five years preceding the disqualification. ORS 308A.703.

When an assessor determines that land must be disqualified from forestland special assessment, the assessor must generally send notice of the disqualification to the taxpayer. ORS 308A.718. The notice must include a statement of "the reason for disqualification," the opportunity to seek special assessment under a different program, and the "imposition of any penalties" that would result from the disqualification. *See* ORS 308A.718(1)–(5). If the assessor does not comply with ORS 308A.718, then the disqualification may be held invalid. *See Smith v. Dept. of Rev.*, 17 OTR 357, 362 (2004). However, the notice requirements of 308A.718(1)–(5) do not apply if the disqualification is made at the property owner's request. ORS 308A.718(6)(a).

B.      *Disqualification of the Subject Property from Forestland Special Assessment*

The subject property is land that was designated as forestland at some time before Plaintiff purchased it. Defendant disqualified the subject property in 2016; the reason given for the disqualification was "the owner[']s request." (Def's Ex A at 1.) Defendant's disqualification notice invoked ORS 321.359(1)(b)(A), which requires the assessor to remove the forestland designation upon "[n]otification by the taxpayer to the assessor to remove the designation."[4] The court understands Defendant's argument to be that Plaintiff provided notification to the assessor in two ways. First, Plaintiff filed a land use application so that the subject property could be developed into an RV park. Second, Plaintiff cleared vegetation from the subject property,

---

[4] Defendant's notice refers to "the owner[']s request," although the statute cited by Defendant refers to "notification by the taxpayer." In this context, the court understands a "notification" and a "request" to largely mean the same thing. However, whether a "request" has been made to disqualify land from special assessment is legally significant. *See* ORS 308A.718(6). The parties' evidence focused on whether Plaintiff had made a "request" to disqualify the subject property. The court will therefore use "request" or "notification," as appropriate, to describe a communication that triggers the removal of forestland designation under ORS 321.359(1)(b)(A).

causing the land to be out of compliance with stocking requirements. In Defendant's view, those actions amounted to a "constructive request"[5] to remove the forestland designation. Defendant was therefore required by ORS 321.359(1)(b)(A) to remove the forestland designation and disqualify the subject property from special assessment.

The court must determine whether Defendant properly understood its obligations under ORS 321.359. Specifically, the court will consider whether ORS 321.359(1)(b)(A) permits an assessor to infer a request to remove a forestland designation from land based on a taxpayer's actions with respect to that land. In its effort the court is guided by the framework set forth in *State v. Gaines*, 346 Or 171–72, 206 P3d 1042 (2009) (describing Oregon's approach to statutory construction).

Beginning with the text and context of ORS 321.359, the court finds little support for Defendant's reading of the statute. ORS 321.359(1)(b)(A) provides that the notification be made "by the taxpayer *to the assessor*." (Emphasis added.) The prepositional phrase "to the assessor" suggests that the notification—or, as in this case, request—must be directed toward the assessor specifically, rather than toward the world at large. That is at odds with Defendant's reading of the statute, where the assessor may infer a taxpayer's request because she takes actions that may be inconsistent with the forestland designation.

In addition, ORS 321.359(1)(b)(C) requires the assessor to remove the forestland designation upon "[d]iscovery * * * that the land is no longer forestland[.]" This court's prior cases illustrate that an assessor may discover that the land is no longer forestland because the words or actions of the owner indicate that the land is no longer being held for the predominant purpose of growing and harvesting trees of a marketable species. *See, e.g., Sousa v. Josephine*

---

[5]The court uses the term "constructive request" to mean a request that is inferred from conduct, as opposed to a written or oral request. The term was not used by Defendant.

*County Assessor*, TC-MD 091279C, WL 4563373 (Or Tax M Div, Dec 4, 2009) ("Defendant removed the special assessment pursuant to [ORS 321.359(1)(b)(C)] upon discovery that it was no longer forestland, based on the information Plaintiffs provided in their questionnaire."). Or the assessor may discover that the land is no longer forestland because it does not meet stocking requirements. *See, e.g., Lay v. Clackamas County Assessor,* TC-MD 101078C, WL 487610 (Or Tax M Div, Feb 9, 2011). Defendant's reading of the statute, as applied here, would obviate the need for subsection (C) because the assessor could interpret any action that indicated the land no longer qualified for the forestland designation as "the owner's request" to remove the designation. When possible, this court must interpret a statute so as to give effect to all of its provisions. ORS 174.010.

At the very least, Defendant's interpretation of the statute would create confusion as to the correct reason for the disqualification, confounding assessors, taxpayers, and this court alike. The reason for the disqualification matters. For example, if the assessor *discovers* that the land is no longer forestland, then the assessor may only disqualify the land in that tax year if the notice of disqualification is mailed prior to August 15. ORS 321.366. Not so if the taxpayer provides *notification* that the designation should be removed. Moreover, ORS 308A.718 sets forth the requirements for notices of disqualification from special assessment. This court has held on several occasions that the failure of the assessor to comply ORS 308A.718 renders the disqualification invalid. However, those requirements do not apply if the disqualification is made at the owner's request. ORS 308A.718(6). Defendant's interpretation of the statute would allow an assessor to construe a taxpayer's actions as constructive requests and thereby circumvent the notice requirements of 308A.718(1)–(5).

/ / /

The court doubts that the Legislative Assembly intended such a result. Instead, the court concludes that when an assessor removes a forestland designation pursuant to ORS 321.359(1)(b)(A), it must be based on a communication by the taxpayer, to the assessor, that evinces the taxpayer's desire to have the forestland designation removed.

The court finds that no such communication took place here. Plaintiff filed a land use application with Clackamas County Planning and Zoning Division to begin a process of developing the subject property into an RV park. That application was not directed at Defendant, Clackamas County Assessor. In any event, nowhere does the application state that the owner desired to remove the forestland designation, even if the development of an RV park would have been incompatible with the forestland designation. Likewise, the fact that Plaintiff removed vegetation from the subject property was a not a request, or notification, to remove the forestland designation, regardless of whether the land met stocking requirements afterward. In short, it might have been reasonable for Defendant to conclude that the land should be disqualified from forestland special assessment, but Defendant was incorrect to conclude that Plaintiff had requested the disqualification.

As discussed above, when the assessor fails to give proper notice of a disqualification from special assessment, the disqualification is invalid. In *Smith*, the disqualification notice sent to the taxpayer stated that the property had been disqualified "by request of the owner," but the assessor appears to have set that contention aside on appeal. 17 OTR at 360–61. The court concluded that the assessor had failed to comply with the notice requirements of ORS 308A.718 and declared the disqualification invalid. "Most importantly," the court explained, "the county did not comply with ORS 308A.718(3) in providing the [correct] reason for disqualification." *Id* at 363.

Here, Defendant also gave an incorrect reason for the disqualification: a request by the owner pursuant to ORS 321.359(1)(b)(A). Therefore, as in *Smith*, the court concludes that the disqualification must be declared invalid. In addition, *Smith* explains why the court need not address whether the subject property's forestland special designation should be removed under ORS 321.359(1)(b)(C). The assessor must provide a notice to the taxpayer that complies with ORS 308A.718 before August 15 of the tax year. *Smith*, 17 OTR at 363 (applying ORS 308A.116(6); ORS 321.366 (disqualification notice under 321.359(1)(b)(C) must be mailed prior to August 15.) No such notice was provided to Plaintiff for the 2016-17 tax year. This court may not cure Defendant's failure to follow the procedural requirements for disqualification

### III. CONCLUSION

Defendant incorrectly determined that Plaintiff had requested that the subject property's forestland designation be removed under ORS 321.359(1)(b)(A). Consequently, Defendant's disqualification of the subject property from forestland special assessment for the 2016-17 tax year was invalid. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted.

Dated this ____ day of September 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*
*This document was signed by Magistrate Boomer and entered on September 6, 2017.*